IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00097-BNB

MALCOLM M. RUNNEL,

    Plaintiff,

v.

BILL OWENS, et al., 901 19th St., Denver, CO 80294,
RICHARD C. DAVISON, Special Master, Final Order of Special Master Plan Disability,
THE COLORADO DEPARTMENT OF CORRECTIONS, CO, 2862 So. Circle Drive,
    Colorado Springs, CO 80906-4495,
LT. TIMOTHY SMELSER, Staff ID No. 4127, Limon Correctional Facility, CO, 89030
    State Hwy. 71, Limon City, CO 80906,
LOU ARCHULETA, Warden of Limon Fac., CO,
DONNA WEBSTER AND S. MURPHY, Case Mgr. of CCF @ Both, Donna Webster of
    C.S.P., CO Case Mgr., Canon City, Colorado 81215/600, Canon City, CO
    81215/777, and
LARRY REID, Warden, Centennial Cor. Facility, CO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 13 2008

GREGORY C. LANGHAM
                   CLERK

## ORDER DIRECTING PLAINTIFF TO FILE A
## CERTIFIED ACCOUNT STATEMENT

In response to a minute order entered on February 13, 2008, Plaintiff has submitted a trust fund account statement. The statement, like the two previous account statements Plaintiff has submitted in this action, is not certified. Along with the statement, Plaintiff has submitted a bottom half of a grievance form that includes the signature of his case manager, Donna Webster. Although it is not clear why Plaintiff submitted the grievance form with his case manager's signature, it appears he is attempting to use the signature in an effort to comply with the Court's requirement that his account statement be certified by a proper prison official.

Plaintiff also has written his name and inmate number along with his case manager's name and her identification number on the account statement in an attempt to certify the statement. For an account statement to be properly certified it must contain a certification on the account statement, which is provided by an appropriate official for the penal institution in which Plaintiff is confined. *See* 28 U.S.C. § 1915(a)(2). Plaintiff may not certify his own account statement.

The Court further notes that Plaintiff has attempted to pay $20.00 on two occasions in the instant action, even though as of yet the Court has not granted him leave to proceed pursuant to § 1915. The $20.00 was returned to Plaintiff on both occasions. Until the Court has received a properly certified account statement from Plaintiff and determines if he owes as an initial partial filing fee pursuant to § 1915, leave to proceed pursuant to § 1915 will not be granted and payment of an initial partial fee is premature.

Plaintiff also is reminded that in a prior case, which he filed in this Court, Case No. 07-cv-01196-ZLW, the case was dismissed because Plaintiff failed to comply with the pleading requirements in Fed. R. Civ. P. 8. Mr. Runnel's handwriting was found to be illegible and his claims to be incomprehensible in Case No. 07-cv-01196-ZLW. Again, in the instant action, the statements Plaintiff has written on the documents he submitted to the Court on March 11, 2008, including the trust fund account statement, for the most part are incomprehensible and illegible. If Plaintiff fails to comply with Rule 8 in the instant action the Complaint will be subject to dismissal. Accordingly, it is

ORDERED that Plaintiff within thirty days of the date of the instant action shall submit a **certified** trust fund account statement in keeping with this Order. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to submit to the Court a **properly certified** copy of his trust fund account statement the action will be dismissed without further notice.

DATED March 13, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00097-BNB

Malcolm M. Runnel
Prisoner No. 59529
CSP - Unit C -316
PO Box 777
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/13/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk