IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00097-BNB

MALCOLM M. RUNNEL,

    Plaintiff,

v.

BILL OWENS, et al., 901 19th St., Denver, CO 80294,
RICHARD C. DAVISON, Special Master, Final Order of Special Master Plan Disability,
THE COLORADO DEPARTMENT OF CORRECTIONS, CO, 2862 So. Circle Drive,
    Colorado Springs, CO 80906-4495,
LT. TIMOTHY SMELSER, Staff ID No. 4127, Limon Correctional Facility, CO, 89030
    State Hwy. 71, Limon City, CO 80906,
LOU ARCHULETA, Warden of Limon Fac., CO,
DONNA WEBSTER AND S. MURPHY, Case Mgr. of CCF @ Both, Donna Webster of
    C.S.P., CO Case Mgr., Canon City, Colorado 81215/600, Canon City, CO
    81215/777, and
LARRY REED, Warden, Centennial Cor. Facility, CO,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
COLORADO

MAR 2 5 2008

C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Malcolm M. Runnell, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary at Cañon City, Colorado. Plaintiff initiated this action by submitting a Prisoner Complaint to the Court on January 7, 2008.

The Court must construe the Complaint liberally because Mr. Runnel is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Runnel will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is illegible. Mr. Runnel has filed previous actions with this Court and has been instructed on several occasions that the Court is not able to decipher his claims, for the most part, due to the illegible handwriting. *See Runnel v. Colorado Dep't of Corrections, et al.*, No. 07-cv-01196-ZLW (D. Colo. Oct. 19, 2007).

To the extent that the Court is able to read any of the words that Plaintiff has written, it appears that he is raising the same claims that he asserted in *Runnel v. Colorado Dep't of Corrections, et al.*, No. 06-cv-00110-MSK-PAC (D. Colo. Feb. 2, 2007), and in *Montez, et al., v. Owens, et al.*, No. 92-cv-00870-EWN-OES (D. Colo. Dec. 7, 2007). If Plaintiff's claims are the same as the claims he has asserted previously, repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court, therefore, will not consider the merits of any claims that Plaintiff has presented to the Court previously.

Plaintiff has been instructed before that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." ***Blazer v. Black***, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Runnel's allegations are impossible to understand because his handwriting is illegible. It is not a judicial function to undertake the laborious task of deciphering Mr. Runnel's handwriting in order to determine the claims he asserts. It is Mr. Runnel's responsibility to edit and organize his claims and supporting allegations into a manageable format and to present those claims in clear, legible handwriting. Neither the defendants nor the Court is required to do this work for him.

Because Mr. Runnel's claims are deficient they are subject to dismissal. Although the Complaint must be construed liberally, the Court should not assume the role of advocate for the ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Runnel should be given an opportunity to file an Amended Complaint that clarifies the claims for relief he is asserting. Each claim must be supported with specific factual allegations, stated simply and concisely and in neat, legible handwriting, that demonstrate how the particular defendant or defendants violated Mr. Runnel's rights.

Mr. Runnel further is instructed to file an Amended Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Runnel to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court also notes that Mr. Runnel failed to include all pages of the Prisoner Complaint form in the January 7, 2008, Prisoner Complaint that he submitted to the Court. He is directed to include all pages of the form when he files the Amended Complaint with the Court. Accordingly, it is

ORDERED that Mr. Runnel file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, for the United States

4

District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Runnel, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Runnel submit sufficient copies of the Amended Complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Runnel fails to file, **within thirty days from the date of this Order**, an original and sufficient copies of an Amended Complaint that comply with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED March 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00097-BNB

Malcolm M. Runnel
Prisoner No. 59529
CSP - Unit C -316
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/25/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk